# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**CLARENCE E. RHYNES,**

      **Petitioner,**

**v.**                                                  **Case No.  5:13cv23/RS/CJK**

**SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), with accompanying memorandum (doc. 2). Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record (doc. 13). Petitioner has responded in opposition to dismissal (doc. 16). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

In December of 1998, petitioner was charged in four separate felony cases filed in the Circuit Court for Jackson County, Florida. (Doc. 13, Ex. A, pp. 3-4).[1]  In May of 1999, petitioner was charged in an additional felony case.  (*Id*., pp. 1-2).  Of those five, only three are at issue here:   (1) petitioner's conviction of First Degree Attempted Murder with a Firearm in Case No. 99-302, (2) petitioner's conviction of Robbery with a Firearm in Case No. 98-876, and (3) petitioner's conviction of Aggravated Fleeing and Attempt to Elude a Law Enforcement Officer in Case No. 98-938.  (Doc. 1, p. 1; Doc. 16, p. 1).  Petitioner was convicted of each offense after a jury trial (Ex. A, pp. 182-83) and, by judgment and sentence rendered July 13, 1999, was adjudicated guilty and sentenced to concurrent terms of life imprisonment for the attempted murder and the robbery, and to a consecutive term of five years probation for the fleeing and attempt to elude.  (Ex. B, pp. 202-09, 239-40).  Petitioner's judgment of conviction was affirmed, per curiam and without a written opinion, on September 15, 2000.  *Rhynes v. State*, 770 So. 2d 684 (Fla. 1st DCA 2000) (Table) (copy at Ex. I).

On November 7, 2000, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. J, pp. 1-6).  The motion was summarily denied without an evidentiary hearing.  (*Id*., pp. 57-64).  The Florida First District Court of Appeal ("First DCA") per curiam affirmed without a written opinion.  *Rhynes v. State*, 810 So. 2d 927 (Fla. 1st DCA 2002) (Table) (copy at Ex. K).  The mandate issued March 21, 2002.  (Ex. M).

---

[1]All references to exhibits will be to those provided at Doc. 13, unless otherwise noted.

On July 28, 2003 , and on May 9, 2004, petitioner filed a state habeas petition in the Wakulla County Circuit Court, challenging his criminal judgment on the grounds of actual innocence. (Exs. N, O, P). Alternatively, the May 2004 petition attempted to amend the July 2003 petition. In any event, the 2003 petition was denied on March 30, 2004. (Ex. Q). On appeal, petitioner filed a "second amended" initial brief. (Ex. R). The First DCA per curiam affirmed without a written opinion. *Rhynes v. State*, 895 So.2d 411 (Fla. 1st DCA 2005) (Table) (copy at Ex. U). The mandate issued March 21, 2005. (Ex. W). Petitioner attempted to seek further review in the Florida Supreme Court by filing an "emergency" petition on March 13, 2005. (Ex. X). The Florida Supreme Court dismissed the petition for lack of jurisdiction on March 22, 2005. *Rhynes v. State*, 900 So. 2d 554 (Fla. 2005) (Table) (copy at Ex. Y).

While the Wakulla County habeas proceeding was pending, petitioner filed, on February 17, 2004, a "belated" petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. (Ex. Z). The First DCA denied the petition per curiam on April 13, 2004, citing Florida Rule of Appellate Procedure 9.141(c)(4)(B). *Rhynes v. State*, 874 So. 2d 629 (Fla. 1st DCA 2004) (copy at Ex. AA). Rehearing was denied on May 21, 2004. *Id*. (copy at Ex. BB).

On March 31, 2005, petitioner filed another state habeas petition, this time in the Jackson County Circuit Court. (Ex. DD). The petition was dismissed. (Ex. EE). The First DCA per curiam affirmed without a written opinion. *Rhynes v. State*, 924 So. 2d 817 (Fla. 1st DCA 2006) (Table) (copy at Ex. FF). The mandate issued March 21, 2006. (Ex. FF).

On August 15, 2007, petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800 (Ex. GG, pp. 1-12), which he later amended

(*id*., pp. 13-18). The trial court summarily denied the motion. (*Id*., pp. 19-37). The First DCA per curiam affirmed without a written opinion on June 3, 2008. *Rhynes v. State*, 985 So. 2d 1097 (Fla. 1st DCA 2008) (unpublished opinion) (copy at Ex. JJ). The mandate issued August 1, 2008. (Ex. KK). Prior to issuance of the mandate, petitioner attempted to seek further review in the Florida Supreme Court by filing a "Petition for Writ of Mandamus" on July 29, 2008. (Ex. LL). The Florida Supreme Court dismissed the petition for lack of jurisdiction on August 6, 2008. *Rhynes v. State*, 989 So.1185 (Fla. 2008) (Table) (copy at Ex. MM).

Still undeterred, petitioner filed yet another state habeas petition on August 17, 2008, this time in the Florida Supreme Court. (Ex. NN). On September 16, 2008, the Florida Supreme Court transferred the petition to the Jackson County Circuit Court. (Ex. OO). The petition was not ruled upon for nearly two years. (Ex. PD-1, p. 14). On or about January 4, 2010, petitioner filed a petition for writ of mandamus in the First DCA seeking to compel a ruling. (Ex. PD-1, p. 14; Ex. PD-2, p. 11). On February 12, 2010, the First DCA ordered the State to determine the status of the habeas proceeding and to file a status report within thirty days. (Ex. PD-2, p. 11). The State filed a status report on March 12, 2010, and on March 16, 2010, the First DCA dismissed the mandamus petition as moot "[b]ecause the trial court has ruled on the pleading pending below." (Ex. PD-2, p. 11; *see also* Ex. PD-1, p. 14).

On November 17, 2010, petitioner filed a "Motion for Leave to File Petition for Writ of Habeas Corpus to Resolve Fundamental Injustices" in the Jackson County Circuit Court. (Ex. VV, pp. 1-9). The claimed injustices were alleged errors in the jury verdict form and jury instructions. (*Id*.). The motion was summarily denied on January 4, 2011. (*Id*., pp. 10-148). The First DCA per curiam affirmed without a

written opinion.  *Rhynes v. State*, 58 So. 3d 265 (Fla. 1st DCA 2011) (Table) (copy at Ex. YY).  The mandate issued May 3, 2011.  (Ex. ZZ).

Petitioner filed yet another state habeas petition in the Jackson County Circuit Court on August 10, 2011, raising a claim of actual innocence.  (Ex. PP, pp. 1-21). The court summarily denied relief on October 5, 2011.  (*Id*, pp. 22-162).  The First DCA per curiam affirmed without a written opinion.  *Rhynes v. State*, 93 So. 3d 1019 (Fla. 1st DCA 2012) (Table) (copy at Ex. SS).  The mandate issued August 7, 2012. (Ex. PD-2, p. 14).

Petitioner filed the instant federal habeas petition on January 10, 2013.  (Doc. 1, p. 1).  Respondent asserts that the petition should be dismissed as untimely.  (Doc. 13).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),  the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on September 15, 2000.  Petitioner did not seek review of his conviction in the United States Supreme Court.  Accordingly, petitioner's conviction became "final" for purposes of § 2244 on December 14, 2000, when the ninety-day period for seeking certiorari from the Supreme Court expired.[2]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770,

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate.  *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).

At the time petitioner's conviction became final, petitioner's first Rule 3.850 motion (filed on November 7, 2000) was pending, which tolled the limitations period. Therefore, although the limitations period was triggered on December 14, 2000, it was statutorily tolled until March 21, 2002, the date on which the mandate issued in petitioner's appeal of the order denying postconviction relief. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" Rule 3.850 motion is "pending" under Florida procedure – and consequently tolls the limitation period – until the appellate court's issuance of the mandate on appeal). The federal habeas statute of limitations period expired one year later on March 24, 2003,[3] in the absence of tolling.

The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period between March 21, 2002, and March 24, 2003. None of petitioner's later applications for postconviction or other collateral review filed after March 24, 2003, triggered the tolling benefit of § 2244(d)(2), because they were filed after the AEDPA's limitations period expired. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration

---

[3]March 22, 2003, was a Saturday.

of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's time for seeking federal habeas review expired on March 24, 2003. Petitioner's federal habeas petition, filed January 10, 2013, is untimely.

Petitioner argues in response to the motion to dismiss that his petition should not be dismissed because he meets the "actual innocence" exception to the limitations period. (Doc. 16, pp. 2-3). In support of this claim, petitioner argues that the evidence adduced at trial was insufficient to support his convictions for attempted first degree murder, robbery with a firearm, and aggravated fleeing and attempt to elude. (*Id*., pp. 1-2, 4).

Actual innocence, if proved, serves as a gateway through which a federal habeas petitioner may pass to overcome a statute-of-limitations bar to consideration of the merits of his constitutional claims. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). "[T]enable actual-innocence gateway claims are rare". *Id*., 133 S. Ct. at 1928. The petitioner must make a threshold showing sufficient to satisfy the *Schlup* standard – the standard of proof governing procedural claims of actual innocence. *McQuiggin*, 133 S. Ct. at 1928 (*citing Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). The *Schlup* standard requires the habeas petitioner to demonstrate that constitutional error "probably resulted" in the conviction of one who is actually innocent. *Id*., 513 U.S. at 324, 326-27, 115 S. Ct. at 865, 867. A mere allegation of innocence is not enough; "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was

not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329, 115 S. Ct. 851; *see House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Petitioner, instead of offering new evidence of his factual innocence, merely advances the glib assertion that the State's evidence upon which his convictions were based was insufficient as a matter of law to convict him of the offenses of attempted first degree murder, robbery with a firearm and aggravated fleeing and attempt to elude. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998); *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." (*citing Bousley*, 523 U.S. at 623)); *see also, e.g., Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) (rejecting habeas petitioner's actual innocence argument which would allegedly have created an exception to the limitations period; petitioner failed to present any new evidence showing his factual innocence of the aggravated assault underlying his probation revocation and instead merely cited to evidence from the probation revocation hearing and argued that it did not support revocation of his probation); *Rich v. Dep't of Corr., State of Fla.*, 317 F. App'x 883 (11th Cir. 2008)

(holding that habeas petitioner's claim that the State's evidence at his trial was insufficient to support his first degree murder conviction was not new evidence of factual innocence, as required to toll one-year time limitation for filing habeas petition). As petitioner's allegations do not state a tenable claim of actual innocence to overcome the statute-of-limitations bar, petitioner cannot avail himself of the actual innocence exception to the limitations period.

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period, including the actual innocence exception. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 13) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentences in *State of Florida v. Clarence Edward Rhynes* in the Circuit Court for Jackson County, Florida, Case Nos. 99-302, 98-876 and 98-938, be DISMISSED WITH PREJUDICE.

3. That the Clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 25th day of October, 2013.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).